### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN M. WARGO, | ) |
|                 Plaintiff, | ) |
| v. | ) C.A. No. _____ |
| DISASSEMBLY HOLDINGS, LLC, a Delaware limited liability company; GULFSTREAM GIV-1177, LLC, a Delaware limited liability company; and FALCON 20-257, LLC, a Delaware limited liability company. | ) |
|                 Defendants. | ) |

## COMPLAINT

For its Complaint against Defendants Disassembly Holdings, LLC ("Disassembly"), Gulfstream GIV-1177, LLC ("Gulfstream"), and Falcon 20-257, LLC ("Falcon") (collectively, "Defendants"), Plaintiff Kevin M. Wargo states as follows:

### NATURE OF THE CASE

1. This is an action for declaratory judgment to prevent Defendants from forcing Mr. Wargo into arbitration over certain claims Defendants make against him, despite the fact that Mr. Wargo never agreed to arbitrate any claim with Defendants.

### THE PARTIES

2. Plaintiff Kevin M. Wargo is an individual who resides in Florida.

3. Defendant Disassembly, on information and belief, is a Delaware limited liability company with its principal place of business located at 921 North Dearborn Street, Chicago, Illinois. Disassembly is a member of Gulfstream and of Falcon.

4. Defendant Gulfstream, on information and belief, is a Delaware limited liability company with its principal place of business located at 921 North Dearborn Street, Chicago, Illinois.

5. Defendant Falcon, on information and belief, is a Delaware limited liability company with its principal place of business located at 921 North Dearborn Street, Chicago, Illinois.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 to resolve an actual controversy between the parties.

7. This court has diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and Defendants are asserting claims for damages in excess of $1.3 million against Mr. Wargo.

8. Venue in this district is proper because all Defendants are incorporated in Delaware. *See* 28 U.S.C. § 1391(b)(1) & (c)(2).

## FACTS

9. On May 4, 2020, Defendants served Mr. Wargo with two effectively identical demands for arbitration to be conducted in Wilmington, Delaware before the American Arbitration Association (the "AAA").

10. The first was brought by Disassembly, individually and on behalf of Gulfstream ("Gulfstream Demand"). The Gulfstream Demand asserted damages in excess of $800,000. A copy of the Gulfstream Demand for Arbitration and its attachments are included here as Exhibit A.

11. The second was brought by Disassembly, individually and on behalf of Falcon (the "Falcon Demand"). The Falcon Demand asserted damages in excess of $500,000. A copy of the Falcon Demand for Arbitration and its attachments are attached here as Exhibit B.

12. Attached to the Gulfstream Demand was a copy of the Operating Agreement of Gulfstream GIV-1177, LLC (the "Gulfstream Operating Agreement"). Likewise, attached to the Falcon Demand was a copy of the Amended and Restated Operating Agreement of Falcon 20-257, LLC (the "Falcon Operating Agreement").

13. The Demands contained effectively identical, but baseless, claims against Mr. Wargo, asserting that he had breached the Operating Agreements, including fiduciary duties provided for in the Agreements, and alleging fraudulent inducement/misrepresentation.[1]

14. As to jurisdiction, the Demands asserted that jurisdiction before the AAA was appropriate because both Operating Agreements contained Dispute Resolution clauses, which provided that disputes arising from the Agreements should be resolved by binding arbitration before the AAA.

15. The Gulfstream and Falcon Operating Agreements contain substantively identical Dispute Resolution provisions that provide that disputes arising from the agreements should be resolved by binding arbitration before the AAA:

> All disputes, claims, questions, or differences shall be finally settled by arbitration administered by the American Arbitration Association before a single arbitrator in accordance with the provisions of its Commercial Arbitration Rules. . . . Unless otherwise mutually agreed to by the parties, the AAA arbitration shall take place in Chicago, Illinois, if requested by the Strong Tower, or in Wilmington, Delaware, if requested by the Investor Member.

---

[1] Mr. Wargo disputes the allegations made in the Gulfstream and Falcon Demands. However, in this complaint, Mr. Wargo challenges only the Defendants' ability to require him to arbitrate the claims, and therefore, Mr. Wargo does not address the assertions against him at this time, but reserves all rights to defend against these claims at a later date.

*See* Ex. A, at Ex. 1 § 15.8.[2]

16. However, Mr. Wargo never agreed to be bound by these arbitration agreements. Mr. Wargo did not sign either Operating Agreement in his individual capacity and therefore is not a party to either Agreement and not subject to the Agreements' arbitration clauses.

17. Rather, by its very terms, the Gulfstream Operating Agreement states that "THIS OPERATING AGREEMENT ('Agreement') is made effective . . . by Gulfstream GIV-1177, LLC a Delaware Limited Liability Company (the 'Company') and the Persons set forth on the signature page to this Agreement ('Members')." Ex. A, Ex. 1 at Preamble. The signature page identifies two Members: Strong Tower Properties II, LLC and Disassembly.

18. While Mr. Wargo signed the Gulfstream Operating Agreement as a Manager, on behalf of Gulfstream as a Manager, and on behalf of Strong Tower Properties as its Member, he did not sign the Gulfstream Operating Agreement in his individual capacity. He is not a party to the Gulfstream Operating Agreement.

19. Likewise, the Falcon Operating Agreement states that "THIS AMENDED AND RESTATED OPERATING AGREEMENT ('Agreement') is made effective as of December 20, 2015, by FALCON 20-257, LLC, a Delaware Limited Liability Company (the 'Company') and the Persons set forth on the signature page to this Agreement ('Members')." Ex. B, Ex. 1 at Preamble. The signature page identifies three Members: BSGS Holdings, LLC, Dumont Group Properties II, LLC, and Disassembly.

20. Mr. Wargo signed the Falcon Operating Agreement as a Manager, on behalf of Falcon as a Manager, and on behalf of Dumont Group Properties II, LLC as its member. However,

---

[2] The Falcon Dispute Resolution provision is substantively identical. Ex. B, at Ex. 1 § 15.8.

4

he did not sign the Falcon Operating Agreement in his individual capacity. He is not a party to the Falcon Operating Agreement.

21. Therefore, because Mr. Wargo did not sign these Operating Agreements in his individual capacity, he never agreed to be bound by the arbitration clause contained therein and he cannot be required to arbitrate Defendants' claims against him.

22. Mr. Wargo will be irreparably harmed if he is required to defend against these claims before a tribunal that does not have jurisdiction over him.

## COUNT ONE
## DECLARATORY JUDGMENT

23. Mr. Wargo incorporates by reference the preceding paragraphs of the Complaint.

24. Mr. Wargo requests a declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

25. An actual and real controversy exists between Defendants and Mr. Wargo concerning whether he can be required to arbitrate Defendants' allegations against him as a non-signatory of the documents establishing the agreement to arbitrate.

26. Mr. Wargo did not sign the Gulfstream Operating Agreement or the Falcon Operating Agreement in his individual capacity.

27. Therefore, Mr. Wargo is not bound by the agreement to arbitrate contained in either document and cannot be required to arbitrate his disputes with Defendants.

28. Mr. Wargo is entitled to a declaration that he is not required to arbitrate his disputes with Defendants as he never agreed to arbitration with these parties.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Wargo prays that this Court enter a judgment against Defendants:

1. Declaring that Mr. Wargo is not bound by the Gulfstream Operating Agreement or the Falcon Operating Agreement and therefore is not required to arbitrate Defendants' claims against him;

2. Restraining and permanently enjoining the arbitrations commenced by Defendants and currently pending against Mr. Wargo; and

3. Granting such other and further relief, including attorneys' fees, as the Court deems appropriate.

POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: */s/ John A. Sensing* |
|---|---|
| | John A. Sensing (No. 5232) |
| Timothy G. Pepper | Clarissa R. Chenoweth-Shook (No. 5728) |
| TAFT STETTINIUS & HOLLISTER LLP | Hercules Plaza, Sixth Floor |
| 40 North Main Street, Suite 1700 | 1313 North Market Street |
| Dayton, OH 45423 | P.O. Box 951 |
| Telephone: (937) 641-1740 | Wilmington, DE 19899-0951 |
| pepper@taftlaw.com | Telephone: (302) 984-6000 |
| | jsensing@potteranderson.com |
| Dated: May 28, 2020 | cchenoweth@potteranderson.com |
| 6741740 / 49325-003 | |

*Attorneys for Plaintiff*